IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE - WESTERN DIVISION

| | |
|---|---|
| ARTURO AGUIRRE CRUZ, Individually and as Next of Kin to MAXIMINO AGUIRRE, Deceased; MARIA LUZ VENEGAS ESTRADA, Individually, as Next of Kin to MAXIMINO AGUIRRE, Deceased and on behalf of MARITZA AGUIRRE VENEGAS, a minor; and AURELIANO VALDES BLAS, Individually, <br><br> PLAINTIFFS, <br><br> v. <br><br> FORD MOTOR COMPANY, <br><br> DEFENDANT. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> CASE NO. 04-2389 Ma P <br><br> JURY TRIAL DEMANDED |

## STIPULATED PROTECTIVE ORDER

Upon agreement of counsel for Plaintiffs and Ford Motor Company ("Ford") to a protective order regarding the production and use of confidential, commercial and proprietary documents in this action, the Court ORDERS AS FOLLOWS:

1.  Documents to be produced by Ford during discovery in this litigation which contain confidential information shall hereafter be referred to as "Protected Documents." Any document and any information designated as "Subject to Protective Order" in accordance with the provisions of this Order ("Confidential Material") shall only be used, shown or disclosed as provided in this Order.

1

2. As used in this Order, the term "documents" means all written material, videotapes and all other tangible items, whether produced as hard copy, computer diskette, CD-ROM or otherwise, as well as any information contained in or derived from such document.

3. The designation of Protected Documents may be made by marking or placing the notice "Subject to Protective Order" or substantially similar notice, on the document, or, where a copy of the original document is to be produced, on that copy. The notice shall be placed in such a manner as will not interfere with the legibility of the contents of the document.

4. Protected Documents and any copies thereof shall be maintained confidential by the receiving party, his attorney, other representatives, and expert witnesses, and shall be used only for preparation for the trial of this matter, subject to the provisions and limitations of Paragraph 5 below.

5. Protected Documents shall be disclosed only to "Qualified Persons." Qualified Persons are limited to:

    a. Counsel of Record for the parties;

    b. Non-technical and clerical staff employed by Counsel of Record and involved in the preparation and trial of this action;

    c. Independent personnel retained by Counsel of Record and involved in the preparation and trial of this action;

    d. Personnel employed by a party, where genuinely needed for preparation for the trial of this action; and

    e. Parties, attorneys, and consultants in unrelated, pending lawsuits where Ford Motor Company is a named defendant and where allegations are made that an Explorer vehicle is unreasonably dangerous and defective in design with regard to its handling and stability characteristics; roof strength, or occupant restraint issues.

6. In no event shall disclosure of Protected Documents be made to any expert or consultant who is employed by a competitor of Ford and such persons shall not be Qualified Persons.

7. Before any Qualified Person may obtain Confidential Material, such person shall execute a "Written Assurance" in the form contained in Exhibit A, attached hereto. Counsel for the plaintiffs or co-defendants, as applicable, will retain the Written Assurance and will keep a list of all persons who have received Confidential Material for inspection by the Court and, upon order of the Court, counsel for Ford.

8. Nothing contained in this Order shall prevent the use of Protected Documents at trial or at depositions, with appropriate safeguards. If Protected Documents are used or referred to during depositions, counsel for Ford may request that only Qualified Persons, the deponent, and the reporter be present. Ford shall, either at the deposition or within ten (10) days of receipt of the transcript thereof, notify counsel for Plaintiffs and the deponent as to what information is considered confidential. Counsel for Ford will designate those portions of the transcript for which the claim of confidentiality is made. Those portions of the testimony, including exhibits, shall be bound separately under seal and prominently marked "Protected Documents Subject to Protective Order Entered by ............" The deponent shall be instructed in advance that he may not disclose Protected Documents or the information contained therein, except as provided by this Order, and the deponent shall sign a Written Assurance to that effect.

9. Any Protected Documents filed with the Court shall be filed under seal and prominently marked: "Protected Documents Subject to Protective Order Entered by ..................."

10. In the event any party hereto disagrees as to any claim of confidentiality, counsel for that party shall notify counsel for Ford in writing. If the dispute cannot be resolved by agreement,

such Protected Documents shall be kept confidential until Ford has an opportunity with reasonable notice to the objecting party, to file promptly an appropriate motion with the Court regarding the claim of confidentiality. Confidential Material shall remain subject to the terms of this Order pending resolution of any such motion.

11. Upon final determination of this action, all Protected Documents, including any copies thereof, and any other document or copy thereof that incorporates any Confidential Material, shall be maintained in accordance with the terms of this Order.

12. To the extent Ford is requested to produce documents it feels should not be subject to the provisions of Paragraph 5(e) above, Ford does not waive its right to subsequently request that the parties enter into a non-sharing protective order prior to the production of any such documents.

SO ORDERED.

DATED: June 14, 2005.

_____
~~Judge Presiding~~
U.S. Magistrate Judge

4

AGREED AND APPROVED:

_____
R. Christopher Cowan
4144 N. Central Expressway, Ste. 370
Dallas, TX 75204
**ATTORNEYS FOR PLAINTIFF**


_____
Stephen A. Marcum
Stansberry, Petroff, Marcum and Blakley
P.O. Box 240
Three Courthouse Square
Huntsville, Tennessee 37756
**ATTORNEYS FOR FORD MOTOR COMPANY**

# EXHIBIT A

AFFIDAVIT OF _____, being duly sworn and personally appearing before the undersigned attesting officer, duly authorized by law to administer oaths, deposes and says that the within statements are true and correct:

1.

I have read the Protective Order attached hereto and I understand its terms and meanings.

2.

I agree that my signature below submits me to the jurisdiction of the In The United States District Court Western District Of Tennessee - Western Division Arturo Aguirre Cruz, Individually And As Next Of Kin To Maximino Aguirre, Deceased; Maria Luz Venegas Estrada, Individually, As Next Of Kin To Maximino Aguirre, Deceased And On Behalf Of Maritza Aguirre Venegas, A Minor; And Aureliano Valdes Blas, Individually v. Ford Motor Company, Case No. 04-2389 Ma P pending, and binds me to the provisions of the Protective Order, including to all promises undertaken in the Order by Plaintiffs, as if originally agreed by me.

FURTHER AFFIANT SAYETH NOT.

_____

Sworn and subscribed to before me this _____ day of _____, 2005.

_____
NOTARY PUBLIC

My Commission Expires:

6

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 21 in case 2:04-CV-02389 was distributed by fax, mail, or direct printing on June 16, 2005 to the parties listed.

---

Stephen A. Marcum
STANSBERRY PETROFF MARCUM & BLAKLEY
3 Courthouse Square
Huntsville, TN 37756

R. Christopher Cowan
THE COWAN LAW FIRM
4144 N. Central Expressway
Ste. 370
Dallas, TX 75204

Honorable Jon McCalla
US DISTRICT COURT