IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| ARTURO AGUIRRE CRUZ et al., | ) | |
| Plaintiffs, | ) | |
| vs. | ) | No. 04-2389 Ml/P |
| FORD MOTOR COMPANY, | ) | |
| Defendant. | ) | |

---

**ORDER DENYING PLAINTIFFS' MOTION TO AMEND COMPLAINT**

---

Before the court is plaintiffs' Motion to Amend Complaint, filed August 2, 2005 (dkt #35). The defendant filed its response in opposition on August 8, 2005. For the reasons below, the motion is DENIED.

The plaintiffs filed their original complaint on May 24, 2004. On August 5, 2004, the parties appeared before the court for a scheduling conference pursuant to Fed. R. Civ. P. 16(b). At the conclusion of that conference, the court entered a scheduling order setting forth the deadlines discussed at the scheduling conference. In particular, the deadline for the plaintiffs to amend their pleadings was February 28, 2005. The order further provided that "[t]his order has been entered after consultation with trial counsel pursuant to notice. Absent good cause shown, the

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on 8-15-05

42

scheduling dates set by this order will not be modified or extended."

On April 7, 2005, the parties filed a joint motion to amend the scheduling order.  The District Judge granted that motion on April 27, 2005, and extended deadlines for the completion of discovery, expert disclosures, and filing dispositive motions.  There was no mention of extending deadlines for amending the pleadings.  The court also reset the trial date to February 13, 2006.  On July 28, 2005, the parties filed a consent motion to amend the scheduling order, which was granted by the District Judge.  This consent order extended the deadlines for expert disclosures.  Again, there was no mention of extending deadlines for amending the pleadings.

On July 18, 2005, the plaintiffs filed their motion to amend complaint.  However, the motion did not include a Certificate of Consultation as required by the court's Local Rules, and was denied without prejudice on that basis.  Subsequently, on August 2, the plaintiffs renewed their motion to amend complaint, and attached the required Certificate.  In the motion, the plaintiffs state that "[t]his motion is made early in this action, before the expiration of any court imposed deadlines for filing motions."

This statement is incorrect.  The deadline for amending pleadings for the plaintiffs expired on February 28, 2005.  Although the court, at the parties' request, has amended the

scheduling order on two occasions since the scheduling order was originally entered, neither of these modifications to the scheduling order extended the February 28 deadline for amending pleadings. Thus, the present motion to amend was filed approximately 140 days after this deadline expired.

Based upon the entire record, the court finds that the plaintiffs have not shown good cause to extend the February 28 deadline for amending plaintiffs' complaint, and therefore, plaintiffs' untimely motion to amend is denied. See Lower v. Albert, 187 F.3d 636, 1999 WL 551414, at *3-4 (6th Cir. July 20, 1999)(unpublished). As explained by the court in Lower,

> The plaintiffs argue that the district court abused its discretion in rejecting their second amended complaint, which was offered to cure the deficiencies identified in the amended complaint. The district court denied leave to amend, noting that the pleading amendment deadline established under Rule 16 Fed. R. Civ. P., had passed - and the plaintiffs had presented no good cause for extending this deadline. The plaintiffs submit that Rule 16 should not be used to circumvent Rule 15, which provides that leave to amend should be freely given. We are not persuaded that Rule 15 was circumvented here, however.
>
> Rule 16(b)(1), Fed. R. Civ. P., states that the district court "shall . . . enter a scheduling order that limits the time . . . to amend the pleadings . . . ." Once such a schedule is in place, it may only be modified by a showing of good cause. The proviso in Rule 15(a) that "leave [to amend] shall be freely given when justice so requires" presupposes that the moving party has complied with any Rule 16 deadline. See Sosa v. Airprint Sys., Inc., 133 F.3d 1417 (11th Cir. 1998) ("If we considered only Rule 15(a) without regard to Rule 16(b), we would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil

> Procedure"). Rule 16, in other words, prescribes the time by which any motion for leave to amend must be filed; Rule 15 provides guidance to the courts on deciding the merits of timely motions.
>
> Because the plaintiffs missed the Rule 16 deadline for amending the pleadings, we need not consider whether an amendment would otherwise have been proper under Rule 15. . . .

Id. at *3-4. As best as the court can tell, the only arguable reference to the good cause standard in plaintiffs' motion is found in their statement that "[t]he nature of the relationship between the defendants required discovery, investigation and legal research to determine the full extent of the claims Plaintiff's [sic] have against defendants." However, this statement merely reflects the fact that the plaintiffs had to engage in discovery, which is true in every case. This does not satisfy the good cause requirement.

Finally, the plaintiffs have not explained what portions of their original complaint they seek to amend,[1] and other than stating generally that "[i]n the absence of these claims complete relief cannot be awarded to the Plaintiffs," they have not explained why the proposed amendment is warranted.

For these reasons, the motion is DENIED.

---

[1] The motion only states that "[t]he additional claims Plaintiff's [sic] have against the defendants are set forth in the proposed amended complaint for damages attached hereto" and that "[t]he interests of justice require that the Plaintiff's [sic] be allowed to amend their Complaint to more specifically put defendants on notice of all claims."

IT IS SO ORDERED.

*[signature]*
TU M. PHAM
United States Magistrate Judge

August 12, 2005
Date

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 42 in case 2:04-CV-02389 was distributed by fax, mail, or direct printing on August 15, 2005 to the parties listed.

---

Alan Thomas
HUIE FERNAMBUCQ & STEWART, LLP
Three Protective Center
Ste 200
Highway 280 South
Birmingham, AL 35223--248

Stephen A. Marcum
STANSBERRY PETROFF MARCUM & BLAKLEY
3 Courthouse Square
Huntsville, TN 37756

Paul F. Malek
HUIR FERNAMBUCQ & STEWART, LLP
Three Protective Center
Ste. 200
2801 Hwy 280, W.
Birmingham, AL 35223--248

Frederick J. Jekel
MOTLEY RICE, LLC
26 Bridgeside Blvd.
Mount Pleasant, SC 29464

Kevin R. Dean
MOTLEY RICE
28 Bridgeside Blvd
Mt. Pleasant, SC 29465

R. Christopher Cowan
THE COWAN LAW FIRM
4144 N. Central Expressway
Ste. 370
Dallas, TX 75204

Honorable Jon McCalla
US DISTRICT COURT